## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT OWENSBORO

**BOBBY ROBERTS**                                                                          **PLAINTIFF**

**v.**                                 **CIVIL ACTION NO. 4:16-CV-P63-JHM**

**DAVIESS COUNTY DETENTION CENTER**                        **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

This is a civil rights action brought by a convicted prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed in part and allowed to continue in part.

### I. SUMMARY OF COMPLAINT

Plaintiff Bobby Roberts filed this action against the Daviess County Detention Center (DCDC). In his complaint, he writes as follows:

> On January 6, 2016, while I was housed in C-107 at DCDC with around 30 other inmates, three or four other inmates began to act out over the fact that our T.V. was taken due to a shake down. Over a three hour period, those few inmates continued to cause security problems for the guards on duty that night. Around 4 A.M., a S.R.T. was brought in to bring the problem under control. The S.R.T. removed all of us from the cell, placed us in isolation, and began to investigate what happened. During this time, I was not given anything, no matt, no blanket, no hygiene. We were mass punished for the next six days. During this time, five inmates claimed to be suicidal. The reason the inmates said they were suicidal was because if you make such a claim, the jail must move you and give you a mat to sleep on, hygiene, and a blanket, all the things they were not giving us. The five inmates were removed from isolation. As a result of those five inmates claiming they were suicidal, six guards came to each cell and put every inmate face down with guns to our heads, while they asked me if I was suicidal or not. I said "I was not." S.G.T. Hicks told me that "I was now." Ever since then, my thoughts have been everywhere. Every time the doors pops, I don't know what to expect. To have a gun pointed at my head and tell me was I was suicidal has made me a constant nervous wreck. I had no involvement of the incidents.

Plaintiff concludes his complaint by stating that believes his civil rights were violated based upon "mass punishment" and "excessive force." As relief, he seeks $200,000 in damages.

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 608.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc.* v. *Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore

exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. Defendant DCDC

Plaintiff has only named DCDC as a Defendant in this action. When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality or private corporation is responsible for that violation. *Collins v. City of Harker Heights*, *Tex*., 503 U.S. 115, 120 (1992). The municipality is only liable when an official policy or custom of the corporation causes the alleged deprivation of federal rights. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978). A municipality "may not be sued under § 1983for an injury inflicted solely by its employees or agents." *Id*. Put another way, a municipality cannot be held liable under § 1983 for torts committed by its employees when such liability is predicated solely upon a

theory of *respondeat superior*. *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999).

Here, Plaintiff has not claimed that the violation of his rights was the result of any policy or custom at DCDC. Thus, the Court will dismiss DCDC as a Defendant from this action.

### B. Fourteenth Amendment Due Process Claim

The Court construes Plaintiff's claim of "mass punishment" as the assertion of a Fourteenth Amendment due process claim. As set forth above, Plaintiff alleges that he was placed in isolation for six days even though he was not personally involved in any misconduct.

To state a Fourteenth Amendment due process claim, an inmate must allege a deprivation of a liberty interest protected by the Due Process Clause. Generally, no liberty interest in remaining free from disciplinary segregation will be found. *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). Indeed, the Supreme Court has held that an inmate has a constitutional liberty interest that is protected by due process in only two instances: (1) when the inmate's terms of imprisonment are altered, and (2) when a prison restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484.

Here, Plaintiff does not allege that the length of his sentence has been altered. Thus, he must demonstrate that he suffered an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life" in order to establish that he has been deprived of a liberty interest, which, in turn, would require that he receive due process. The atypical hardship which Plaintiff alleges is that he was placed in isolation for six days with no mat, no blanket, and "no hygiene"- which the Court construes as no access to a shower. The Court does not believe that these allegations are sufficient to meet the constitutional standard. *See, e.g.*, *Stephens v. Cottey*, 145 F. App'x 179, 181 (7th Cir. 2005) (holding that denial of a mattress in a jail setting for eight

days did not constitute an "atypical and significant hardship"); *Bealer v. KVSP Warden*, No. 1:12-cv-01516-AWI-GSA-PC, 2014 U.S. Dist. LEXIS 153683, at *4-5 (E.D. Cal. Oct. 29, 2014) (finding no "atypical and significant hardship" where plaintiff was deprived of eating utensils, hygiene products, sheets, blankets, and t-shirts for 10 days); *Cates v. Brennan*, 2006 U.S. Dist. LEXIS 37282, at *9-10 (W.D. Mich. Jun. 7, 2006) ("[S]hower and razor restriction for 30 days does not constitute an atypical and significant hardship."). *But see Abebe v. Carter*, No. 5:11-cv-2750-RMG, 2014 U.S. Dist. LEXIS 5354, at *5-6 (D.C.S.C. Jan. 13, 2014) (finding liberty interest implicated where plaintiff was placed on "control cell status" for 341 days and denied clothes, bedding/mattress for 11 months, and an opportunity to bathe, brush his teeth, or have access to hygiene products for four months).

Based on the above, the Court will dismiss Plaintiff's due process claim for failure to state a claim upon which relief may be granted.

### C. Eighth Amendment Excessive-Force Claim

Under the Eighth Amendment, an official's conduct will be found to amount to cruel and unusual punishment "when their offending conduct reflects an unnecessary and wanton infliction of pain." *Cordell v. McKinney*, 759 F.3d 573, 580 (6th Cir. 2014) (quoting *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)). In examining an excessive-force claim under the Eighth Amendment, the constitutional analysis has both a subjective and an objective component, requiring the court to determine "whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm," and whether "the pain inflicted [is] sufficiently serious." *Cordell*, 759 F.3d at 580 (internal quotation marks and citations omitted). This heightened Eighth Amendment standard acknowledges that "[t]he maintenance of prison security and discipline may require that inmates be subjected to physical

contact actionable as assault under common law." *Id.* (quoting *Combs v. Wilkinson*, 315 F.3d 548, 556 (6th Cir. 2002)) (alteration in original).

Significantly, Plaintiff has seemingly identified only one individual who allegedly used excessive force against him, "S.G.T. Hicks," and he has not named this individual as a Defendant in this action. However, the Court will allow Plaintiff to amend his complaint to add "S.G.T Hicks" as a Defendant and to sue him in his individual capacity. The Court will also allow Plaintiff to amend his complaint to identify any other individuals who were allegedly involved in the use of excessive force against him and to name those individuals as Defendants. *See LaFountain v. Harry*, 716 F.3d 944 (6th Cir. 2013) (a district court may allow a prisoner to amend a complaint to avoid *sua sponte* dismissal under the Prison Litigation Reform Act).

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's due process claim under the Fourteenth Amendment is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

However, **IT IS FURTHER ORDERED that within 30 days from the entry date of this Order, Plaintiff may file an amended complaint related to his excessive force claim under the Eighth Amendment. Should Plaintiff decide to file an amended complaint, he should name "S.G.T Hicks" as a Defendant and sue him in his individual capacity. Plaintiff should also name as Defendants any other individuals who allegedly used excessive force against him, sue these individuals in their individual capacities, and describe how each of these individuals was personally involved in the use of excessive force.**

**The Clerk of Court is DIRECTED to terminate Daviess County Detention Center as a party to this action.**

**The Clerk of Court is further DIRECTED to send Plaintiff a 42 U.S.C. § 1983 form, with the word "Amended" and this case number written in the caption.**

The Court will conduct an initial review of Plaintiff's amended complaint pursuant to § 1915A.  **Should Plaintiff fail to file an amended complaint with the above information within the allotted amount of time, Plaintiff's excessive force claim will also be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.**

Date:   October 3, 2016

                                                                   Joseph H. McKinley, Jr., Chief Judge
                                                                      United States District Court

cc: Plaintiff, *pro se*
    Defendants
4414.011